UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TERRANCE ATKINS, GERALD WOODS, and LEANDRE SMITH, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>V.<br><br>PRIMORIS SERVICES CORPORATION and PRIMORIS ENERGY SERVICES CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO. 2:16-cv-00524<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

The Fair Labor Standards Act ("FLSA") is designated to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

### I.    SUMMARY

1. Defendants Primoris Services Corporation and Primoris Energy Services Corporation, (hereinafter collectively referred to as "Primoris," "the Company," and/or "Defendants"), required and/or permitted Terrance Atkins, Gerald Woods, and Leandre Smith (hereinafter collectively referred to as "Plaintiffs") to work in excess of forty (40) hours per week without compensating them for such hours at the overtime rate required under the FLSA.

2. Plaintiffs worked for Defendants as hourly paid employees who received a daily per diem, which was not included in the regular rate calculation for purposes of determining the required overtime rate pursuant to the FLSA. The per diem represents compensation that is primarily for the benefit and convenience of Defendants' hourly employees. As a result, the FLSA requires that this type of compensation be included in the calculation of the regular rate of pay for overtime purposes. Because the per diem and other allowances were not included in the regular rate of pay calculation, Defendants' hourly paid employees were not properly compensated at a proper overtime rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week. This collective action seeks to recover the additional overtime wages, liquidated damages, costs, and attorneys' fees owed to these workers.

## II. SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas. Furthermore, Defendants conduct business activities within this judicial district.

5. Venue is proper in the Corpus Christi Division because a substantial portion of the events forming the basis of this suit occurred in the Corpus Christi Division. Furthermore, Defendants conduct business activities within this judicial division.

6. The Putative Class Members worked for Defendants within this judicial district and division.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Terrance Atkins is an individual residing in Calcasieu Parish, Louisiana. Plaintiff's written consent form to join this action is attached as Exhibit "1" to Plaintiffs' Original Complaint. Plaintiff worked for Defendants as an hourly paid employee during the relevant statutory time period.

8. Plaintiff Gerald Woods is an individual residing in Assumption Parish, Louisiana. Plaintiff's written consent form to join this action is attached as Exhibit "2" to Plaintiffs' Original Complaint. Plaintiff worked for Defendants as an hourly paid employee during the relevant statutory time period.

9. Plaintiff Leandre Smith is an individual residing in Lafourche Parish, Louisiana. Plaintiff's written consent form to join this action is attached as Exhibit "3" to Plaintiffs' Original Complaint. Plaintiff worked for Defendants as an hourly paid employee during the relevant statutory time period.

10. The class of similarly situated employees ("Class Members") consist of all individuals who were currently or formerly employed by Primoris within the past three years to the present, and who were hourly paid and paid a per diem.

11. Defendant Primoris Services Corporation is a Delaware corporation with its principal place of business in Dallas, Texas and doing business throughout Texas for profit. Defendant may be served with process through its registered agent: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

12. Defendant Primoris Energy Services Corporation is a domestic corporation with its principal place of business in Houston, Texas and doing business throughout Texas for profit.

Defendant may be served with process through its registered agent: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

13. Defendants maintain significant business activities within the Southern District of Texas and the Corpus Christi Division.

14. Defendant Primoris Services Corporation at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court. Defendant Primoris Services Corporation conducts business throughout Texas. Furthermore, Defendant contracted with and employed Texas residents, like Class Members, to conduct its business in Texas.

## IV. FLSA COVERAGE

15. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendants have been an enterprise in commerce within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

17. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

19. At all material times, Plaintiffs and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.

§ 207.

## V. FACTS

20. Primoris is one of the largest construction service companies in the United States. Primoris provides a wide range of construction, fabrication, maintenance, replacement, water and wastewater, and engineering services to major public utilities, petrochemical companies, energy companies, municipalities, and other customers. The Company's national footprint extends from Florida, along the Gulf Coast, through California, into the Pacific Northwest and Canada.

21. Primoris is one of the largest specialty contractors in the United States. Defendants' construction capabilities include, but are not limited to: pipeline construction including small and large diameter work for transmission, distribution, cable and conduit and horizontal directional drill construction; Power plant construction including traditional and non-traditional fuel sources, refineries, petrochemical facilities and process plants; LNG plants construction; heavy civil projects from bridge and highway construction, to parking structures, infrastructure and maintenance, water and wastewater construction including reverse osmosis technologies. Defendants are licensed to work in 44 of the continental states and construct projects in other parts of the world.

22. Plaintiffs and Class Members provide the manual labor force for Primoris to conduct its nationwide business.

23. Plaintiffs worked for Primoris within the relevant time period as hourly paid employees who received a per diem, which was not included in the regular rate calculation for purposes of determining the required overtime rate pursuant to the FLSA.

24. The per diem and other allowances were intended to reimburse Plaintiffs and all Class Members for expenses normally incurred by an employee for his own benefit and convenience, such as lunch, rent, and other normal everyday expenses.

25. Because the per diem is not used to reimburse Plaintiffs and Class Members for expenses incurred by an employee in the furtherance of the employer's interest or benefit, the per diem is actually a disguised wage.

26. The per diem should be included in the regular rate calculation for overtime purposes.

27. As such, Plaintiff and Class Members were not properly compensated at one-and-one-half times their regular rate – as defined by the FLSA – for all overtime worked in excess of forty hours in a single workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and would therefore like to join this collective action. Plaintiffs worked alongside Defendants' other hourly paid employees who were also paid a daily per diem and discussed the FLSA pay violations the subject of this lawsuit.

29. Other employees similarly situated to Plaintiffs work or have worked for Defendants, but were not paid overtime at the rate of one-and-one-half their regular rate when those hours exceeded forty hours per workweek.

30. Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants denied them full compensation for their hours worked over forty.

31. Like Plaintiffs, Class Members were also paid hourly with additional per diem pay that was excluded from their regular rate of pay as described in this lawsuit.

32. The Class Members perform or have performed the same or similar work as the Plaintiffs.

33. Class Members regularly work or have worked in excess of forty hours during a workweek.

34. Class Members are not exempt from receiving overtime pay at the federally mandated premium rate under the FLSA.

35. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime wages.

36. Defendants' failure to pay overtime compensation as required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

37. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

38. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

39. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

40. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

41. This Court should issue Notice to the Class members.

42. This Court should require the production of the Class Members' names, addresses, dates of employment, email addresses, and phone numbers to Plaintiffs' counsel to administer Notice immediately.

43. The class of similarly situated Plaintiffs entitled to receive Notice is properly defined as follows:

> **All current and former employees of Primoris within the past three years to the present who were hourly paid and paid a per diem.**

## VII. CAUSES OF ACTION

44. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

45. Defendants' practice of failing to pay Plaintiffs the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

46. During the relevant time period, Defendants have violated, and are violating, Section 7 of the FLSA by failing to include the per diem rate and any other allowances in the calculation of the regular rate of pay to determine the overtime rate. 29 U.S.C. § 207(e)(2) (As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee….); *see also* 29 C.F.R. § 778.217(d) ("If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in travelling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses." "). As such, Defendants have failed to properly pay Plaintiffs and the Class Members overtime wages at one-and-one-half times their regular rate for all hours worked in excess of forty hours per workweek.

47. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants, Plaintiffs, or Class Members.

48. Defendants knew or should have known that their policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried out and continue to carry out their illegal patterns and practices. Defendants' actions are not based on a good faith and reasonable belief that their conduct complies with the FLSA. As such, Plaintiffs and Class Members are entitled to a three (3) year statute of limitations and to double the amount in unpaid wages ("liquidated damages").

## VIII. DAMAGES SOUGHT

49. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation owed during the statutory three (3) year time period.

50. Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

51. Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

52. Plaintiffs and Class Members hereby demand a trial by jury.

## X. PRAYER

53. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. An equal amount as liquidated damages as allowed under the FLSA;

c. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

d. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Robert R. Debes, Jr.*
ROBERT R. DEBES, JR.
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFFS
& CLASS MEMBERS