UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TERRANCE ATKINS, et al | * | CIVIL ACTION |
| | * | NO. 2:17-CV-00454 |
| Plaintiffs, | * | |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| PRIMORIS SERVICE CORPORATION | * | MAGISTRATE JUDGE KAY |
| and PRIMORIS ENERGY SERVICES | * | |
| CORPORATION | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW INTO COURT, through undersigned counsel, come Defendants, Primoris Service Corporation and Primoris Energy Services Corporation[1] (collectively, "PSC"), and, pursuant to Fed. R. Civ. P. 12(c), file this Memorandum in Support of PSC's Motion for Judgment on the Pleadings as to Plaintiffs' claims against PSC. In support of PSC's Motion, PSC respectfully states as follows:

I.   INTRODUCTION

The instant lawsuit, stated simply, seeks to make something illegal that is not. Specifically, Plaintiffs claim that PSC's per diem payments to its employees, which are expressly permitted by the Fair Labor Standards Act, 29 U.S.C. § 101, *et seq.* (the "FLSA"), are somehow illegal. As a substitute for substantive facts in support of this claim, Plaintiffs present mere conclusory allegations that PSC's per diem practices violated applicable law. Plaintiffs similarly

---

[1] Primoris Energy Services Corporation is an improper defendant in this lawsuit as it did not employ any of the Plaintiffs.

1

fail to establish, through facts as opposed to conclusions, that they personally experienced the very FLSA violations they claim occurred. Because Plaintiffs cannot establish that their claims against PSC are plausible, their lawsuit should be dismissed following the rationale of the United States Supreme Court's in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II.   PLAINTIFFS' ALLEGATIONS

In their Original Collective Action Complaint (the "Complaint"), Plaintiffs begin with an introduction in which they state, without additional factual support, that PSC "required or permitted [Plaintiffs] to work in excess of forty (40) hours per week without compensating them at the overtime rate required under the FLSA." Complaint, Rec. Doc. No. 1, ¶ 1. This allegation is followed with additional conclusory allegations that PSC's per diem payments to Plaintiffs "represent[] compensation that is primarily for the benefit and convenience of [PSC]'s hourly employees" and that such per diem payments should have been "included in the calculation of the regular rate of [Plaintiffs'] pay for overtime purposes." *Id.* at ¶ 2. Based on these conclusory allegations, and again without factual support, Plaintiffs assert that PSC's "hourly paid employees were not properly compensated at a proper overtime rate[.]" *Id.*

Plaintiffs then spend several pages presenting allegations as to subject matter and venue, and explaining that Plaintiffs worked for PSC during the relevant statutory time period - although they fail to provide any detail about when Plaintiffs actually worked for PSC. Complaint, Rec Doc. No. 1, ¶ 14. Next, Plaintiffs allege that PSC is covered by the FLSA and that Plaintiffs are "employees" under the FLSA. *Id.* at ¶¶ 15-19.

Then, under a heading entitled "FACTS," Plaintiffs point out that PSC is a construction service company and that Plaintiffs provided manual labor to PSC. Complaint, Rec. Doc. No. 1,

2

¶¶ 20-22.  In the remainder of the "FACTS" section, as they did in their introduction, Plaintiffs embark on a series of conclusory and unsupported allegations.  They allege that their per diem payments were "not included in the regular rate calculation for purposes of determining the required overtime rate pursuant to the FLSA."  *Id.* at ¶ 23.  They aver in a conclusory fashion that the per diem payments "were intended to reimburse Plaintiffs . . . for expenses normally incurred by an employee for his own benefit and convenience[.]"  *Id.* at 24.  In the same conclusory form, Plaintiffs contend that "[b]ecause the per diem is not used to reimburse Plaintiffs . . . for expenses incurred by an employee in the furtherance of the employer's interest or benefit, the per diem is actually a disguised wage[] . . . [t]he per diem should be included in the regular rate calculation for overtime purposes."  *Id.* at ¶¶ 25-26.  Plaintiffs then conclude the "FACTS" section by alleging, apparently based on the preceding conclusory statements, that "Plaintiff[s] . . . were not properly compensated at one-and-one-half times their regular rate - as defined by the FLSA - for all overtime worked in excess of forty hours in a single workweek."  *Id.* at 27.

Next, Plaintiffs present additional conclusory allegations as they relate to the purported putative class, still providing no explication of the events they claim necessitates a finding that PSC's per diem payments violated the FLSA.  *See* Complaint, Rec. Doc. No. 1. ¶¶28-43.  The same is true with respect to Plaintiffs' recitation of their purported causes of action *Id.* at ¶¶ 44-47.  Plaintiffs even include a conclusory and unsubstantiated allegation that the, as yet unidentified, actions and omissions allegedly committed by PSC were "willful" violations of the FLSA, meaning that Plaintiffs are allegedly entitled to liquidated damages and a three-year statute of limitations.  *Id.* at ¶ 48.

4837-8521-4537 v5
2939337-000001 05/25/2017

As shown herein, the law specifically permits employers to make per diem payments to their employees to cover expenses they incur on their employer's behalf, such as meals and lodging when the employees are working away from home.  Because Plaintiffs provide no substantive, factual allegations to demonstrate exactly how PSC's per diem payments actually violated the law, they necessarily seek a ruling from the court that PSC's payment of per diems - and the payment of per diems by employers generally - is *per se* illegal.  But that is not the law.  Plaintiff's implausible Complaint, with its insufficient, conclusory allegations, should be dismissed.

### III.     APPLICABLE LAW

#### A.     *Bell Atlantic Corp. v. Twombly* And Its Progeny

A motion to dismiss filed after an Answer has been filed is made pursuant to Rule 12(c) as a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). The Fifth Circuit has explained that a Rule 12(c) motion is evaluated under the same standards as a motion to dismiss under 12(b)(6) for failure to state a claim. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing, *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir.2008)).

Gone are the days of simple "notice" pleading under the rule set forth in *Conley v. Gibson*, 355 U.S. 41 (1957).  Now, based on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), plaintiffs seeking admission into federal court must plead sufficient factual detail to establish that their claims are "plausible."  Federal courts applying this new pleading standard in the context of employment litigation are no longer willing to draw inferences or bridge gaps in order to find support for a plaintiff's bare-bones allegations.  Plaintiffs must now provide more than a mere recitation of the elements of their chosen cause of action and conclusory assertions.  Specific facts must be alleged.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation," *Id.*, as well as "more than labels and conclusions." *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (citation omitted).

The Supreme Court in *Twombly* rejected the old standard under which a complaint was not dismissed for failure to state a claim unless it appeared beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. *Id.* at 561-62. Now the law requires more. As the Court held in *Iqbal,* a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A complaint that merely "tenders 'naked assertion[s]' devoid of further factual enhancement" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 570).

To survive a motion under Rule 12, a complaint must contain sufficient facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief. *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has alleged sufficient plausibility, a court must disregard allegations that are mere legal conclusions and then determine if sufficient facts have been alleged to create a plausible claim. *Id*. at 1950. If they have not, the complaint must be dismissed. *Id*.

4837-8521-4537 v5
2939337-000001 05/25/2017

Since the promulgation of *Twombly and Iqbal*, federal courts, including constituent courts of the United States Court of Appeals for the Fifth Circuit, have applied the pleading standards announced in those decisions in the context of claims under the FLSA. *See Hernandez v. Praxair Distribution, Inc.*, No. 14-1915, 2015 WL 493105 (S.D. Tex. July 15, 2015) (formulaic recitation of elements of failure to pay minimum wage or overtime compensation claim is insufficient; examples or estimates of unpaid time are necessary to substantiate claim); *Coleman v. John Moore Services, Inc.*, No. 13–2090, 2014 WL 51290, at *1 (S.D. Tex. Jan.7, 2014) (granting motion to dismiss FLSA overtime claim where Plaintiff alleged only general overtime hours worked). Those decisions include application of the *Twombly* and *Iqbal* standards to purported collective actions under the FLSA. *See, e.g., Cook v. Flight Servs. & Systems, Inc.*, No. 16-15759, 2017 WL 1407808 (E.D. La. April 20, 2017).

In *Cook*, the plaintiffs purported to assert an FLSA collective action for collection of unpaid minimum wage and overtime compensation. *Id.* The defendant employer moved the court to dismiss the plaintiffs' collective action complaint because the plaintiffs failed to allege specific facts about the plaintiffs' rates of pay or dates worked. The court granted the defendant's motion, holding that the plaintiffs' allegations failed to place the defendant on notice of their claims because the complaint did not "indicate the hours worked, wage earned, or even so much as a year range of when the . . . plaintiffs worked for [the d]efendant." *Id.* at *2-3. The court further noted that the plaintiffs "have not bothered to supply even a factual context from the memories or experiences of being denied a minimum wage and/or overtime in violation of

6

FLSA." *Id.* at *3.[2]  As shown below, the instant Plaintiffs' allegations suffer from comparable deficiencies, requiring the dismissal of Plaintiffs' Complaint.

### B.     The Law Providing For Per Diem Payments

Per diem payments are perfectly legal and specifically contemplated by the FLSA.  They are excluded from the regular rate of pay as it relates to overtime.  With respect to overtime pay, the FLSA provides as follows:

> no employer shall employ any of his employees who ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  The regular rate of pay is defined to include "all remuneration for employment paid to, or on behalf of, the employee," but is subject to enumerated statutory exclusions.  29 U.S.C. § 207(e).  Per diem payments constitute one of the express exclusions from the regular rate of pay:

> payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; *reasonable payments for travel expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer;* and other similar payments to an employee which are not made as compensation for his hours of employment.

---

[2]     The *Cook* court also held that the plaintiffs had failed to provide adequate allegations to establish the existence of their purported class.  *Id.* at *3.  PSC submits that because Plaintiffs have not presented plausible claims on behalf of themselves in connection with PSC's per diem payments, they also cannot establish the propriety of the claims of their purported putative class members.  Thus, in the interests of brevity, PSC will not address Plaintiffs' insufficient class allegations at this time.

7

*Id.* § 207(e)(2) (emphasis added).  The Department of Labor's regulation on per diem payments further expands upon this exclusion:

> [w]here an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section [20]7(e)(2) is applicable to reimbursement for such expenses.  Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred).  Such payment is not compensation for services rendered by the employees during any hours worked in the workweek.

29 C.F.R. § 778.217(a).

Federal courts interpreting the Section 207(e)(2) per diem exclusion have consistently and specifically excluded from the regular rate of pay reasonable per diem payments made to employees living and working away from their home locations on the employer's business.  *See, e.g., Sharp v. CGG Land*, 840 F.3d 1211 (10th Cir. 2015); *Berry v. Excel Group, Inc.*, 288 F.3d 252 (5th Cir. 2002); *Acton v. City of Columbia*, No. 03-4159-CV, 2004 U.S. Dist. LEXIS 19004 (W.D. Mo. Sept. 10, 2004), *aff'd* 436 F.3d 969 (8th Cir. 2006); *Mundell v. DBA/DMC Mining Svcs. Corp.*, No. 4:12-cv-2614, 2014 U.S. Dist. LEXIS 182412 (M.D. Penn. Apr. 2, 2014); *Brennan v. Padre Drilling Co., Inc.*, 359 F. Supp. 462 (S.D. Tex. 1973).   Thus, per diem payments are both authorized by the FLSA and recognized by federal courts interpreting that law.

## IV.   DISCUSSION

### A.   The Court Should Reject Plaintiffs' Attempt To Make Per Diem Payments Illegal

As shown above, per diem payments by employers are perfectly legal, and specifically contemplated by the FLSA.  Nonetheless, Plaintiffs present their unsupported, conclusory allegation that the per diem payments made by PSC were actually paid in connection with

8

Plaintiffs' everyday living expenses, which ostensibly made them improper. Plaintiffs, however, provide no factual allegations to explain how they reach that conclusion. In other words, Plaintiffs have failed to place PSC or the Court on notice of what exactly they claim was wrong with PSC's per diem payments or how it is they believe that PSC's payment of a per diem in accordance with the substantial authority permitting such payments actually constituted a violation of law. Plaintiffs leave PSC and the Court with no other conclusion than that they take issue with per diem payments themselves and assert that per diem payments are illegal *per se*. But if that is their claim, it must be dismissed because it has no legal support. Because Plaintiffs cannot plausibly demonstrate through their allegations that PSC violated the FLSA in connection with its per diem payments, Plaintiffs have not stated a claim against PSC. Their Complaint must, therefore, be dismissed.

### B. Plaintiffs Have Not Even Provided Sufficient Allegations As To Their Own Alleged Experiences

In addition to failing to establish how or why PSC's per diem payments were improper, and thereby led to an alleged overtime violation, Plaintiffs also fail to provide simple facts to demonstrate that they, personally, experienced such alleged overtime violations. As in *Cook*, Plaintiffs allege that they worked for PSC, but do not provide any specifics. Also, similar to the situation in *Cook*, Plaintiffs fail to describe the per diem policy at issue, to provide a statement or estimate of the per diem payments they claim to have received, to discuss or estimate the amount of overtime they worked, or to even provide a description of the manner in which they contend their particular overtime payments were incorrect. Even assuming, *arguendo*, that Plaintiffs had plausibly established that PSC violated the FLSA in connection with its per diem payments, the instant Plaintiffs - like the Plaintiffs in *Cook* - have failed to place PSC on notice of the details of their particular claims. For those reasons, the Court should dismiss Plaintiffs' Complaint.

## V.     CONCLUSION

Per diem payments are legal, and Plaintiffs have not and cannot establish otherwise. With respect to Plaintiffs' Complaint in particular, Plaintiffs have not presented adequate factual allegations to plausibly establish that PSC violated the FLSA and that Plaintiffs personally experienced overtime payment violations as a result. For all of these reasons, the Court should dismiss Plaintiffs' Complaint.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:     *s/Christopher G. Morris*
          PHYLLIS CANCIENNE, T.A. (La. #19605)
          CHRISTOPHER G. MORRIS (La. #28847)
          ELIZABETH A. LINER (La. #34429)
          450 Laurel Street, North Tower, 20th Floor
          Baton Rouge, Louisiana 70801
          Telephone:     (225) 381-7000
          Facsimile:      (225) 343-3612
          E-mail:  pcancienne@bakerdonelson.com
          E-mail:  cmorris@bakerdonelson.com
          E-mail:  bliner@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT, PRIMORIS
SERVICE CORPORATION AND PRIMORIS
ENERGY SERVICES CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2017, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

          s/ *Christopher G. Morris*
          CHRISTOPHER G. MORRIS

4837-8521-4537 v5
2939337-000001 05/25/2017