UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRANCE ATKINS, ET AL.** | : | **DOCKET NO. 17-cv-454** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **PRIMORIS SERVICE CORP., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Judgment on the Pleadings [doc. 33] filed by defendants Primoris Service Corporation and Primoris Energy Services Corporation (collectively, "PSC") under Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion. Doc. 37.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636. For reasons provided below, **IT IS RECOMMENDED** that the Motion be **DENIED**.

**I.
BACKGROUND**

Terrance Atkins, Gerald Woods, and Leandre Smith (collectively, "plaintiffs") filed an original collective action complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on December 14, 2016.[1] Doc. 1. There they allege that they worked for PSC, a construction company, as hourly employees and that PSC is a covered entity under FLSA. *Id.* at 2, 4–5. They maintain that PSC "required and/or permitted [them] . . . to work in excess of forty

---

[1] The complaint was filed in the United States District Court for the Southern District of Texas and subsequently transferred to this court at PSC's motion, with no opposition from plaintiffs. *See* docs. 1, 24.

(40) hours per week without compensating them for such hours at the overtime rate required under the FLSA." *Id.* at 1.

Specifically, plaintiffs allege that they received "a daily per diem, which was not included in the regular rate calculation for purposes of determining the required overtime rate pursuant to the FLSA" and that "[t]he per diem represents compensation that is primarily for the benefit and convenience of Defendants' hourly employees." *Id.* at 2. In other words, they contend that the per diem is actually a "disguised wage." *Id.* at 6. Accordingly, they maintain that PSC's failure to include the per diem and other allowances in the rate of pay calculations resulted in plaintiffs not being properly compensated at a rate of one-and-a-half times their regular rate for overtime work. *Id.* at 2.

PSC now brings the instant motion for judgment on the pleadings, alleging that the allegations in the complaint are conclusory and fail to point to any specific facts showing a FLSA violation with regard to the exclusion of per diem payments from rate of pay calculations. Doc. 33, att. 1.

**II.**
**LEGAL STANDARD**

A motion for judgment on the pleadings permits a party to raise the defense of failure to state a claim upon which relief may be granted after the pleadings have closed. FED. R. CIV. P. 12(c). These motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)).

Such motions are thus decided under the standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Accordingly, the court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The motion should only be granted if "the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.* However, to survive such a motion the plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).

### III.
#### ANALYSIS

PSC contends that per diem payments constitute an express exclusion from the regular rate of pay under FLSA and associated regulations. Accordingly, it alleges that plaintiffs' FLSA claim fail as a matter of law. It also maintains that plaintiffs have not provided sufficient allegations to place PSC on notice of the details of their claim. Plaintiffs maintain that they have met their burden by providing that (1) they received per diems in addition to hourly pay which were not included in the calculation of the regular and overtime rate; (2) the per diems were paid to cover expenses that benefit the employee, not the employer; and that (3) the reimbursements are not related to expenses actually incurred by the plaintiffs. Doc. 37, att. 2, p. 10.

*A. Whether PSC is entitled to judgment on the pleadings*

With respect to overtime pay, FLSA provides that a covered employee may not work longer than forty hours a week, unless he receives compensation for his overtime hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The regular rate of pay is defined as including "all remuneration for employment paid to, or on behalf

of, the employee" with several exceptions, including "**reasonable** payments for travel expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer." *Id.* at § 207(e)(2) (emphasis added).

The Department of Labor ("DOL") thus specifies that, "[w]here an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, [§ 207(e)(2)] is applicable to reimbursement for such expenses." 29 C.F.R. § 778.217(a). The regulation goes on to state that such reimbursement is "not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the workweek." *Id.* DOL regulations also provide that "only **the actual or reasonably approximate** amount of the expense is excludable from the regular rate. If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate." *Id.* at § 778.217(c) (emphasis added).

PSC argues that federal courts have consistently and specifically excluded per diem payments from the regular rate of pay under § 207(e)(2),[2] and that the complaint fails to allege any facts showing why this case should be an exception. However, as plaintiffs maintain, it is PSC's burden to show that payments made to employees should be excluded from the employees' regular rate under 29 U.S.C. § 207. *See Abbey v. United States*, 99 Fed. Cl. 430, 447 (2011) (collecting cases). Though the complaint does not provide the specific facts PSC would seek in order to obtain judgment on the pleadings, it contains enough allegations in order to state a plausible claim of a FLSA violation – that PSC failed to properly compensate plaintiffs for overtime work by not including per diem payments, which were allegedly a "disguised wage," in its calculations of

---

[2] *See, e.g.*, *Sharp v. CGG Land*, 840 F.3d 1211 (10th Cir. 2015); *Berry v. Excel Group, Inc.*, 288 F.3d 252 (5th Cir. 2002).

plaintiffs' regular rate of pay. These allegations put PSC on notice of the necessity of arguing, as it does here, that the per diem was rightfully excluded from rate of pay calculations under § 207(e)(2). We cannot determine whether PSC is entitled to judgment as a matter of law on this claim until more facts have been brought forth. Accordingly, PSC fails to carry its burden on this motion.

### B. *Whether plaintiffs must provide more facts in support of their claim*

We next address PSC's argument that plaintiffs have not provided sufficient factual allegations in support of their FLSA overtime violation claim.[3] Although we do not consider this a basis for granting judgment on the pleadings, we will review it as a request for a more definite statement.

Under Rule 8 of the Federal Rules of Civil Procedure, a claim for relief must contain, among other things, a short and plain statement of the claim showing that the pleader is entitled to relief. This statement must contain enough facts to "state a claim for relief that is plausible on its face," though it need not contain detailed factual allegations in order to survive a motion dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65, 1974 (2007).

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement on a pleading to which a response is allowed. FED. R. CIV. P. 12(e). Such motions should not be used as a substitute for discovery and are generally disfavored due to the liberal pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Rather, Rule 12(e) allows defendants to request clarification when the pleadings do not specify the allegations in a manner that provides sufficient notice to the defense. *Swierkiewicz v. Sorema, N.A.*, 122 S.Ct. 992, 998 (2002). "Rule

---

[3] We do not address PSC's assertions that other allegations in the complaint were conclusory [*see* doc. 33, att. 1, p. 3], as PSC does not seek any relief based on these assertions.

12(e) motions, though disfavored, are necessary when the pleadings are unintelligible rather than suffer from a want of detail." *Tipton v. Reynolds*, 2013 WL 4854372, *2 (E.D. La. Sep. 10, 2013) (citations omitted). The decision to grant a Rule 12(e) motion is within the discretion of the trial court, and such motions are "universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." *Newcourt Leasing Corp. v. Regional Bio-Clinical Laboratory, Inc.*, 2000 WL 134700, *1 (E.D. La. Feb. 1, 2000) (citation omitted)

In order to state a claim for unpaid overtime or minimum wages under FLSA, a plaintiff must plead: (1) that there existed an employer-employee relationship during the pay periods claimed; (2) that the employee engaged in activities within the coverage of FLSA; (3) that the employer violated FLSA's overtime or minimum wage requirements; and (4) the amount of compensation due. *Mejia v. Bros. Petrol., LLC*, 2015 WL 3619894 (E.D. La. Jun. 9, 2015) (citing *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)).

PSC takes issue with the manner in which plaintiffs have alleged the third element, maintaining that they have failed to do so in more than conclusory fashion. To this end it relies on *Cook v. Flight Services and Systems, Inc.*, 2017 WL 1407808 (E.D. La. Apr. 20, 2017). There the Eastern District required plaintiffs to amend based, in relevant part, on their failure to "provide *any* type of information that would put Defendant on notice and provide [it] with enough information to search its own records to more accurately investigate Plaintiffs' claims, *e.g.*, date ranges, hours worked, or rate of pay." *Id.* at *3 (emphasis in original). In this matter, however, plaintiffs have clearly identified the issue as the per diem payments and whether they were properly excluded from the regular rate of pay. *See* doc. 1. They also identify the relevant time period in describing their prospective class, as extending "within the past three years to the present" and involving employees "who were hourly paid and paid a per diem." *Id.* at 3. PSC does not show

that it is now at some great disadvantage in turning to its own records to determine what the per diem was and then fleshing out the affirmative defense already raised, that this per diem was properly excluded under § 207(e)(2). *See* doc. 11, p. 3. Accordingly, PSC shows no basis for requiring amendment of the complaint either.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Judgment on the Pleadings [doc. 33] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE