**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

|  |  |  |
|---|---|---|
| **TERRANCE ATKINS, et al** | * | **CIVIL ACTION** |
|  | * | **NO. 2:17-CV-00454** |
| **Plaintiffs,** | * |  |
|  | * |  |
| **v.** | * | **JUDGE HICKS** |
|  | * |  |
| **PRIMORIS SERVICE CORPORATION** | * | **MAGISTRATE JUDGE KAY** |
| **and PRIMORIS ENERGY SERVICES** | * |  |
| **CORPORATION** | * |  |
|  | * |  |
| **Defendants.** | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT AGREEMENTS**
**AND TO FILE SETTLEMENT AGREEMENTS UNDER SEAL**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Terrance Atkins, Gerald Woods, and Leandre Smith (collectively, "Plaintiffs") and Defendants, Primoris Service Corporation and Primoris Energy Services Corporation (collectively, "Defendants" and, together with Plaintiffs, the "Parties"), and, pursuant to 29 U.S.C. § 216 of the Fair Labor Standards Act (the "FLSA"), file this Memorandum in Support of the Parties' Joint Motion for Approval of Individual Settlement Agreements and to File Settlement Agreements Under Seal.  In support of that Motion, the Parties respectfully state as follows:

**I.     BACKGROUND**

**A.     Plaintiffs' Lawsuit**

In their Original Collective Action Complaint (the "Complaint"), the Named Plaintiffs claim that Defendants "required or permitted [Plaintiffs] to work in excess of forty (40) hours per week without compensating them at the overtime rate required under the FLSA."  Complaint,

1

Rec. Doc. No. 1, ¶ 1.  Plaintiffs further claim that Defendants' per diem payments to the Named Plaintiffs "represent[] compensation that is primarily for the benefit and convenience of Defendants' hourly employees" and that such per diem payments should have been "included in the calculation of the regular rate of [Plaintiffs'] pay for overtime purposes."  *Id.* at ¶ 2.  Based on these allegations, the Named Plaintiffs assert that Primoris's "hourly paid employees were not properly compensated at a proper overtime rate[.]"  *Id.*

Defendants counter Plaintiffs' allegations with an argument that Plaintiffs have not alleged sufficiently, or otherwise established, that the per diem payments on which their claims are based were in any way improper.  *See*, *e.g.*, Defendants' Motion for Judgment on the Pleadings, Rec. Doc. No. 33.  Thus, Defendants claim that Plaintiffs cannot demonstrate that they are entitled to additional overtime payments.  *Id.*  Defendants also contend that Primoris Services Corporation is an improper defendant for Plaintiffs' claims because it never employed any of the Plaintiffs.  *Id.*

Plaintiffs filed their lawsuit as an ostensible collective action, *see generally* Complaint, Rec. Doc. No. 1.  Nonetheless, the Court has not conditionally certified a class, no notice has been sent to any class members, and no one but Plaintiffs have joined in this lawsuit.  *See generally*, docket report.

### B.    The Parties Reach A Compromise

On or about June 22, 2018, counsel for Plaintiffs contacted undersigned counsel and inquired about the possibility of settling with the Plaintiffs on an individual basis.  Following over a month of arms-length negotiations between counsel for the Parties over the terms of the proposed settlement, the Parties executed a Confidential Receipt, Release, and Settlement Agreement for each of the Plaintiffs (each a "Settlement Agreement" and, collectively, the

2

"Settlement Agreements").[1]  The Parties will file the Settlement Agreements with the Court upon entry of an Order permitting them to file them under seal so as to protect the confidential nature of their terms.  As the Court will see, however, the Settlement Agreements provide for payment to each of the Plaintiffs of an amount that all but covers the theoretical amount of additional overtime to which Plaintiffs claim to have been entitled for the three-year period immediately preceding the filing of their Complaint.  *See* Declaration of Chris Melancon, Human Resources Director - East, Primoris Service Corporation ("Melancon Decl."), attached as **Exhibit "1."** Notably, the calculation that leads to the theoretical amount of unpaid overtime contains several assumptions that are very favorable to each Plaintiff, including the assumptions that: (a) each of the Plaintiffs would have been entitled to per diem payments each week during that lookback period, which they were not; (b) each Plaintiff worked 5 days per week, 50 hours per week for 50 weeks a year and received per diem payments each day during that period.  *Id.* at ¶¶ 4-5.  Thus, in reality, by virtue of the payments being made to Plaintiffs under the Settlement Agreements, Plaintiffs are being fully compensated for all of the alleged overtime to which they could theoretically prove entitlement, plus some amount as liquidated damages.

In addition, as set forth in the Settlement Agreements, Defendants are also paying attorney's fees to counsel for the Plaintiffs in the amount reflected in the Settlement Agreements. In return for these payments, and for the other consideration set forth in the Settlement Agreements, Plaintiffs have provided Defendants with a release and an agreement to seek dismissal of the instant lawsuit upon consummation of the Settlement Agreements.  In addition, the Settlement Agreements specifically contemplate seeking approval of the settlements from the

---

[1]      The Parties actually drafted a single agreement for execution by all three Plaintiffs, but a separate executed copy was returned for each of the Plaintiffs.  Thus, for ease of reference, this Memorandum refers to the separately executed copies as "Settlement Agreements."  There is only one gross settlement payment being made, which is allocated between Plaintiffs and their counsel.

3

Court.  Accordingly, the Parties move the Court for an Order approving the Settlement Agreements once they are filed under seal.

## II.    DISCUSSION

### A.    Standard For Approval Of Individual FLSA Claims

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014).  *See also Collins v. Veolia ES Indust. Servs., Inc.* No. 15-00743, 2016 WL 1275598, at *2 (E.D. Mo. April 1, 2016); *Singleton v. AT&T Mobility Servs.*, 146 F.Supp.3d 258, 260 (D. Mass. 2015).  Among the factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Williams*, 2014 WL 5017934, at *1.

Normally, the Court must also assess the reasonableness of the plaintiffs' attorneys' fees. *Williams*, 2014 WL 5017934, at *2. "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.  *See Collins*, 2016 WL 1275598, at *2.  "In a private FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees." *Id.* (citation omitted); *see also Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) ("[i]n an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and

4

payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.").

### B.     The Settlement Agreements Meet The Standard For Approval

In this lawsuit, the Settlement Agreements should be approved by the Court.  There is no doubt a *bona fide* dispute present here.  Plaintiffs contend that Defendants' per diem payments should have been included in their regular rate of pay for determining overtime due to them under the FLSA.  Meanwhile, Defendants filed a Motion to Dismiss and were on the verge of filing a summary judgment motion as to the legality of the per diem payments and in support of their contention that no additional overtime pay was due to Plaintiffs.  *See* Motion for Judgment on the Pleadings, Rec. Doc. No. 33; Orders setting deadline for Defendants' summary judgment motion, Rec. Doc. Nos. 58, 60.  The settlement has been reached before the parties expended substantial resources into issues such as class notice and discovery, and involved arms-length negotiation between experienced counsel that would otherwise still be pursuing their clients' respective claims and defenses.

Furthermore, as the Court will see when it reviews the Settlement Agreements, those Agreements contemplate settlement of the individual FLSA claims of the Plaintiffs, and set forth separate amounts for the payment of attorney's fees to counsel for Plaintiffs.  Thus, the Court has wide discretion to approve that payment.  Supporting approval is the fact that, collectively, Plaintiffs are receiving more than their counsel.  Furthermore, the Court can compare the amount of the theoretical entitlement to overtime wages discussed above to the amount they have been awarded under the Settlement Agreement, and see that, especially in light of the litigation uncertainties arising in connection with Defendants' defenses, they are being treated fairly.

4851-6371-3134 v1
2939337-000001 08/15/2018

Accordingly, the Parties request that the Court approve the Settlement Agreements so that they can bring this lawsuit to a close.

**C.     The Court Should Permit The Parties To File Their Settlement Agreements Under Seal**

The Parties have entered into a privately-negotiated settlement of Plaintiff's individual claims.  For that reason, and to maintain the confidentiality of the settlements reached, the Parties request that the Court permit them to file the Settlement Agreements under seal for in-camera review.   Other district Courts have granted this type of request from parties settling their individual FLSA claims.  *See Singleton*, 146 F.Supp.3d at 260 ("[o]n October 22, 2015, the parties submitted their executed settlement Agreement for the Court's in-camera review"); *Collins*, 2016 WL 1275598, at *1 (settlement agreement and other information requested by Court filed under seal).

**III.     CONCLUSION**

For all of the foregoing reasons, the Parties respectfully request that the Court approve the Settlement Agreements after granting the Parties permission to submit the Settlement Agreements to the Court under seal for in-camera review.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


BY:     */s/Christopher G. Morris*
PHYLLIS CANCIENNE, T.A. (La. #19605)
CHRISTOPHER G. MORRIS (La. #28847)
ELIZABETH A. LINER (La. #34429)
450 Laurel Street, North Tower, 20th Floor
Baton Rouge, Louisiana 70801
Telephone:     (225) 381-7000
Facsimile:     (225) 343-3612

6

E-mail:   pcancienne@bakerdonelson.com
E-mail:   bliner@bakerdonelson.com
E-mail:   cmorris@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT, PRIMORIS
SERVICE CORPORATION AND PRIMORIS
ENERGY SERVICES CORPORATION**

**-AND-**

**SHELLIST LAZARZ SLOBIN LLP**

By: */s/ Ricardo J. Prieto*

ROBERT T. DEBES, JR.
SBN: 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
SBN:  24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, TX 77046
Telephone:   (713) 621-2277
Facsimile:   (713) 621-0993

**ATTORNEYS FOR  PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2018, a copy of the foregoing was filed

with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing

to all counsel of record.

  s/ *Christopher G. Morris*
CHRISTOPHER G. MORRIS

7