# Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TERRANCE ATKINS, et al | * | CIVIL ACTION |
| | * | NO. 2:17-CV-00454 |
| Plaintiffs, | * | |
| | * | |
| v. | * | JUDGE HICKS |
| | * | |
| PRIMORIS SERVICE CORPORATION | * | MAGISTRATE JUDGE KAY |
| and PRIMORIS ENERGY SERVICES | * | |
| CORPORATION | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DECLARATION OF CHRIS MELANCON IN SUPPORT OF JOINT MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT AGREEMENTS

Pursuant to 28 U.S.C. § 1746, I, Chris Melancon, declare under penalty of perjury that the following statements are true and correct:

1. I am of the full age of majority. I am the Human Resources Director - East for Primoris Services Corporation ("PSC"). As such, I oversee the human resources operations of PSC's eastern subsidiaries, including Primoris Energy Services Corporation ("PESC"). I am competent to testify under oath, and make the statements herein, which are based upon my personal knowledge and from performing my duties as Human Resources Director.

2. The Named Plaintiffs in the above-captioned lawsuit all worked for PESC at the Sasol North America Lake Charles, Louisiana facility ("Sasol"), which was a location remote from each of their homes. Plaintiff Woods lived 179 miles from Sasol, Plaintiff Smith lived 176 miles from Sasol, and Plaintiff Atkins lived 175 miles from Sasol.

3. Prior to March 3, 2016, it was PESC's practice to make a daily $75.00 per diem payment to all craft level employees working at Sasol who lived more than 50 miles from the facility. The daily per diem payment was made to cover the costs for meals and lodging that the employees who lived more than 50 miles from Sasol were incurring due to working away from home. Plaintiffs all received per diem payments during this period of time.

4. On March 3, 2016, a written per diem policy was adopted at Sasol. That policy is attached to this Declaration as **Exhibit "A."** Under that policy, PESC paid a daily $75.00 per diem to employees who were journeymen craft level or above and who lived more than 60 miles from Sasol. Under that policy, employees in the following positions were no longer eligible for per diem payments: (1) helpers; (2) laborers; (3) flaggers; (4) hole watch; (5) janitors; (6) clerks; and (7) technicians. Following this policy change, the Named Plaintiffs no longer received per diem payments because they did not occupy positions that qualified them for those payments. As reflected in each of the Named Plaintiffs' affidavits, they held positions called "operator" or "manual laborer." (Rec. Doc. Nos. 35-6, 35-7, & 35-8). Thereafter, on May 16, 2016, the written per diem policy was modified to reduce the distance radius required to qualify for the daily per diem payments from 60 to 50 miles. That per diem policy, as modified on May 16, 2016, is the current per diem policy in place for PESC at Sasol.

5. I have performed a calculation of the amounts of additional overtime wages to which each of the Named Plaintiffs would have been theoretically entitled for a period beginning 3 years before the date they filed their Complaint through the date the Complaint was filed. These calculations assume, for purposes of settlement: (a) that the Named Plaintiffs could have established that the per diem payments at issue in this lawsuit should have been included in their regular rates of pay for purposes of calculating overtime; and (b) that each of the Named Plaintiffs would have been entitled to per diem payments during the entire three-year lookback period, which they were not; and (c) that each Named Plaintiff worked five days per week, 50 hours per week for 50 weeks a year, and received a per diem payment each day. The resulting calculation is as follows:

$75 per day x 5 days = $375 per week

$375 / 50 hours per week = $7.50 per hour

$7.50 / 2 = $3.75 half-time rate

$3.75 half-time rate x 10 overtime hours = $37.50 per week

$37.50 per week x 50 weeks = $1875.00

Assuming Plaintiffs could prove entitlement to three full years under the above presumptive calculations, maximum overtime sought would equal $5,625.00. Notably, PESC only actually paid Named Plaintiffs per diem payments for approximately twelve weeks in 2016.

2

    **IN WITNESS WHEREOF**, under penalty of perjury, I have signed this Declaration as of this _14_ th day of August, 2018.

By: _____
     CHRIS MELANCON
     Human Resources Director - East
     Primoris Services Corporation

3